# WINDHAM COUNTY.

FEBRUARY TERM, 1846.

[Continued from Vol. 18, page 341.]

## CHESTER ALLEN v. MARTIN HARD.

Where exceptions were taken to the decision of the county court, but execution was not stayed, and the excepting party gave notice to the opposite party, *four days* before the session of the supreme court, that he should not prosecute his exceptions, and now desired the court to order the case struck from the docket as a mis-entry, the court refused so to order, but held, that judgment must be affirmed, unless the party elected to be heard upon his exceptions.

IN this case judgment was rendered in the county court for the plaintiff, and the defendant took exceptions, which were allowed, but execution was not stayed. The defendant gave notice to the plaintiff, four days before the session of this court, that he should not prosecute his exceptions, and directed the clerk not to enter the case upon the docket, and now desired to treat it as a mis-entry,— to which the plaintiff objected.

BY THE COURT. Such a practice would be very loose, and attended often with inconvenience, inasmuch as the excepting party might still bring a writ of error, if he should hereafter find that such a course might be for his advantage ;—so that nothing would be settled by this mode of disposing of the suit. The notice, too, in this case, seems much too short. *Twelve days* is the shortest period, which will excuse the excepting party from *paying costs* to the other party ; and such notices should always be in writing,—as has been often held by this court. Under the circumstances, unless the parties agree to a different course, the judgment must be affirmed, unless the party elect to prosecute his exceptions.

The excepting party electing to be heard, the cause was continued for argument.